IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUSAN A. O'CONNOR,

    Plaintiff,

v.                                                                                         No. 1:22-cv-00008-LF

WELLS FARGO,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO APPOINT COUNSEL**

THIS MATTER comes before the Court on *pro se* Plaintiff's Motion to Appoint Counsel, filed January 13, 2022. Doc. 7.

In her motion, Plaintiff states: "I am writing this statement to demand that the Judge appoint me a 'real' plaintiff attorney for his professional expertise. I would like for him/her to review my legal documents and compensation request." Doc. 7 at 1. In her Amended Complaint, Plaintiff states: "I do not want to represent myself without proper legal counsel. I believe I have the right to a N.M. attorney." Doc. 6 at 4.

"[C]ivil litigants have no right to counsel." *Witmer v. Grady County Jail*, 483 F. App'x. 458, 462 (10th Cir. 2012). The decision to appoint counsel is left to the "extremely broad" discretion of the district court. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). While courts have authority to "*request* an attorney to represent a litigant who is proceeding in forma pauperis," *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added), the Court cannot "*require* an unwilling attorney to represent an indigent litigant in a civil case," *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (emphasis added). Congress has not provided any mechanism, process, or funds to pay appointed counsel.

*See* 28 U.S.C. § 1915(e)(1).  The Court not only considers the benefits of having a represented plaintiff, but also must consider the hardship imposed on an attorney who is appointed to serve without remuneration or compensation, as well as without assurance that he or she would have funds available to assist in the investigation of claims, conduct formal discovery, retain experts, pay witness fees, or otherwise defray the costs of litigation.  Plaintiff has not cited, and the Court has not found, any legal authority which would allow the Court to appoint counsel in this case.

The Court denies Plaintiff's motion to appoint counsel.  The Court refers Plaintiff to the District of New Mexico's Guide for Pro Se Litigants (November 2019) which, on page 6, lists resources for legal representation.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Appoint Counsel, filed January 13, 2022 (Doc. 7), is DENIED.

_____
Laura Fashing
United States Magistrate Judge