IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUSAN A. O'CONNOR,

    Plaintiff,

v.                                                                                 No. 1:22-cv-00008-MV-LF

WELLS FARGO and
MARY CARLSON,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 6, filed January 13, 2022 ("Amended Complaint").

Plaintiff's original Complaint named Wells Fargo as the sole defendant, with only one allegation that mentioned Defendant Wells Fargo, as follows: "There was a trust in my name and for my benefit that got into the wrong hands while a customer of Wells Fargo." Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 5, Doc. 1, filed January 4, 2022 ("Complaint").

United States Magistrate Judge Laura Fashing notified Plaintiff that:

> The Complaint should be dismissed for failure to state a claim upon which relief can be granted because it fails to state with particularity what Defendant did to Plaintiff, when Defendant committed the unspecified actions, and what specific legal right Plaintiff believes Defendant violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").
>
> If Plaintiff is asserting a claim pursuant to 42 U.S.C. § 1983, the Complaint fails to state a claim because it does not allege that Defendant was acting under color of state law and deprived Plaintiff of a right secured by federal law. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) ("Section 1983 provides a federal

civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law").

Doc. 5 at 2-3, filed January 6, 2022.  Judge Fashing ordered Plaintiff to file an amended complaint.

Plaintiff's Amended Complaint names Wells Fargo and Mary Carlson, a "realtor in Albuquerque," as Defendants and alleges:

> I have the right to receive legal recourse for the La Madera cabin (Mary truly was faulty at representing me.) ... I was instructed to make wire transfers from a 'supposidly' [sic] lawyer (Levi Johnson – 512-360-8208) ... This was a substantial amount of lost money.  FBI has all claims but no financial restitution has been granted and I live in a storage center ... This case involves real estate malfunction and banking dysfunction Wells Fargo ... I would also like to know just who Levi Johnson is – where he is located and if he is a fra[u]dulent lawyer ... I have been the victim of abuse (financial) ...I believe that I am entitled to the following relief: Real Estate Failure $300,000 plus relief from Wells Fargo fraud to amount 2.7 million.

Amended Complaint at 1-5.  Plaintiff filed her Amended Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983."  Where the form asks if each defendant was acting under color of state law and states, "If your answer is 'Yes,' briefly explain," Plaintiff checked the "Yes" box but did not provide an explanation.

The Court dismisses this case because the Amended Complaint fails to state a claim. Despite Judge Fashing's explanation of the allegations necessary to state a claim, the Amended Complaint does not contain factual allegations stating with particularity what each Defendant did to Plaintiff, when each Defendant committed the unspecified actions, and what specific legal rights Plaintiff believes each Defendant violated.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE